**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JOYCE R. WELCHER**                                                                                 **PLAINTIFF**

**V.**                                           **5:09CV00304-WRW**

**DAVIS NURSING ASSOCIATION d/b/a**
**DAVIS LIFE CARE CENTER;**
**LOUISE KING; and**
**BENITA PRIDGEON**                                                                                **DEFENDANTS**

## ORDER

Pending is Defendant Louise King's Motion to Dismiss (Doc. No. 3). Plaintiff has responded.[1] As set out below, Defendant Louise King's Motion to Dismiss is GRANTED.

### I.     BACKGROUND

Defendant Louise King is the Director of Nurses for Defendant Davis Life Care Center.[2] Plaintiff was an employee of Davis Life Care Center.[3] On September, 25, 2009, Plaintiff filed the Complaint in this action.[4] The Complaint generally alleges claims for hostile work environment, retaliation, and disability discrimination.[5] Defendant Louise King requests I dismiss any claims against her in her individual capacity under Title VII of the 1964 Civil Rights Act[6] or the Americans with Disabilities Act[7] ("ADA").

### II.    DISCUSSION

---

[1] Doc. No. 7.

[2] Doc. No. 2.

[3] *Id*

[4] Doc. No. 1.

[5] *Id.*

[6] 42 U.S.C. § 2000e

[7] 42 U.S.C. § 12203(a)

1

In ruling on a Rule 12(b)(6) motion to dismiss, I must "accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief."[8] All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[9] A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[10]

Although it is unclear from the Complaint whether Plaintiff is attempting to assert a claim under Title VII for alleged retaliation and a claim under the ADA for alleged disability discrimination, the individual Defendant, Louise King, is not an employer as defined under either of those two acts.[11] Accordingly, to the extent Plaintiff raises claims against Defendant Louise King in her individual capacity under these acts, they are DISMISSED.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant Louise King's Motion to Dismiss is GRANTED.

IT IS SO ORDERED this 15th day of December, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[8] *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[9] *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[10] *Id.* (quoting Fed. R. Civ. P. 8(a)).

[11] See *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (holding that the Eighth Circuit "has squarely held that supervisors may not be held individually liable under Title VII"); and *Morrow v. City of Jacksonville*, 941 F. Supp. 816, 819-20 (E.D. Ark. 1996) (supervisors may not be held individually liable under ADA).